ANNIE S. ROBBINS *vs.* THE JUSTICES AND CLERK OF THE SU-
PERIOR COURT OF THE COUNTY OF SUFFOLK.

A person summoned as a stockholder, under *St.* 1851, *c.* 315, in an action commenced in the
superior court against a manufacturing corporation, cannot remove the action to this court
under *Sts.* 1840, *c.* 87, § 3, and 1855, *c.* 449, § 4.

PETITION for a mandamus to the superior court of this county
to compel the removal of an action of contract brought in that
court by Bardwell & Dwight against the Grafton Manufac-
turing Company, (a manufacturing corporation established by
the laws of the Commonwealth, and which, the petitioner alleged,
had taken advantage of the insolvent laws, and suggested their
insolvency on the record and intended no further defence to the
action,) in which the petitioners and others had been summoned
as stockholders of the corporation under *St.* 1851, *c.* 315, and
the petitioner had filed an affidavit and motion under *Sts.* 1840,
*c.* 87, § 3, and 1855, *c.* 449, § 4, for the removal of the action to
this court, which the justices and the clerk of the superior court
had refused to allow.

*C. A. Welch,* for the petitioner. The intention of the *Sts.*
of 1840, *c.* 87, and 1855, *c.* 449, § 4, is to give the parties in
causes in which a large amount is sought to be recovered the
right of trial in the highest court. This court has held that any
one of several defendants may remove an action to this court,
whether his defence goes to the main point or to an issue pecul
iar to himself. *Whiton* v. *Brodhead,* 3 Cush. 356.

By the *St.* of 1851, *c.* 315, § 2, any person summoned as a
stockholder in an action against a manufacturing corporation,
" shall be admitted to defend in any such action, and, if it shall
appear that he is not liable therein, judgment shall be entered
for him upon the issue joined." By the rules of this and the
superior court, as practically administered, a stockholder so
summoned in must, under penalty of a default, file his affidavit
of merits under *St.* 1852, *c.* 312, § 10, and his answer under the
same statute ; and it has also been decided that he must answer

interrogatories filed to him as an adverse party under *St.* 1852, *c.* 312, § 61. Many actions have been removed to this court by stockholders, and some are now pending in this county. And in *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 576, the fact of such a removal appears prominently in the report, and was not suggested by counsel or court to be unauthorized or irregular.

· *J. Lowell & W. Dwight,* for the plaintiffs below.

BY THE COURT. A person summoned in as a stockholder under *St.* 1851, *c.* 315, in an action against a manufacturing corporation, is not in a proper sense a party to the action, and cannot remove it from the court in which it was brought. He can make no defence on the merits of the case, and is only summoned in to give him an opportunity of trying the incidental question whether any judgment obtained by the plaintiff shall be capable of being enforced against his goods and estate. *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 576. No question was made in that case by counsel, or considered by the court, as to the manner in which it was brought up.

*Petition dismissed.*